ORDERED in the Southern District of Florida on 11/05/08



_Raymond B. Clay_

Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

VISION DEVELOPMENT GROUP
OF BROWARD COUNTY, LLC,

       Debtor.

_____/

Case No. 07-17778-RBR
Chapter 11

In re:
ISADORE M. COHEN,

       Debtor.

_____/

Jointly Administered With
Case No. 07-17779-RBR

VISION DEVELOPMENT GROUP OF
BROWARD COUNTY, LLC, and ISADORE
M. COHEN,

             Plaintiffs,

v.

TMG SUNRISE, LLC, and CHELSEY FUNDING,
LLC,

             Defendants.

_____/

Adv. Case No.: 08-01295-RBR

**MEMORANDUM ORDER DENYING
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

1

**THIS CAUSE** came before the Court on September 23, 2008, at 9:30 a.m., upon Defendants' Motion to Dismiss Complaint [D.E. 14], the Defendants' Supplemental Memorandum of Law [D.E.. 17], and Plaintiffs' Response thereto [D.E. 36]. The Court, after considering the Defendant's Motion to Dismiss and Plaintiffs' Response, argument of counsel for both the Plaintiffs and Defendants, and being otherwise fully advised in the premises, denies Defendants' Motion to Dismiss for the reasons stated herein.

## INTRODUCTION

Vision Development Group of Broward County, LLC ("Vision"), and Isadore M. Cohen ("Cohen") (collectively, Vision and Cohen shall be referred to as the "Plaintiffs") have sued TMG Sunrise, LLC ("TMG") and Chelsey Funding, LLC ("Chelsey") (TMG and Chelsey are collectively referred to as the "Mezzanine Lenders" and/or "Defendants") for usury, recharacterization of debt, equitable subordination, and breach of fiduciary duty (the "Complaint") [D.E. 1], in the instant adversary proceeding.

In response to the Complaint, the Defendants filed their Motion to Dismiss. The Defendants have raised the following arguments in their Motion to Dismiss: 1) the Plaintiffs' usury claims should be dismissed on an equitable estoppel theory because of an opinion letter allegedly prepared by Plaintiffs' real estate counsel, Leopold, Korn and Leopold, P.A. (the "LKL Opinion Letter"),[1] and delivered to the Defendants, stating that the alleged loans given by the Defendants are not usurious under Florida law; 2) New York law governs the promissory notes at issue; 3) the promissory notes at issue contain usury saving clauses and therefore the Plaintiffs' usury claims against the Defendants should be denied: 4) the Plaintiffs have failed to properly plead causes of action for

---

[1]The Plaintiffs' Complaint does not discuss, or attach, the LKL Opinion Letter.

recharacterization of debt and equitable subordination; and 5) the Defendants never owed any fiduciary duties to Plaintiffs.

<h2 align="center">STANDARD OF REVIEW ON A MOTION TO DISMISS</h2>

In ruling on a motion to dismiss, a Federal Court must view the complaint in the light most favorable to the plaintiff and take his allegations as true. *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quinones v. Durkis*, 638 F.Supp. 856 (S.D. Fla. 1986). When a Bankruptcy Court considers a motion to dismiss at the pleadings stage, it must apply the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure. Federal Rule of Civil Procedure 8(a), as incorporated into the Federal Rule of Bankruptcy Procedure 7008(a), requires that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." *Caster v. Hennessy,* 781 F.2d 569, 1570 (11th Cir. 1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail the facts upon which the claim is based. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957); *Neizil v. Williams*, 543 F.Supp. 899 (M.D. Fla. 1982). Finally, the issue is not whether the plaintiff will ultimately prevail on their claims, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *In re Asbestos Litigation*, 679 F.Supp. 1096 (S.D. Fla. 1987); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)(when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory).

As an initial matter, it is important to note that Defendants' Motion to Dismiss by its terms

is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated by Federal

Rule of Bankruptcy Procedure 7012(b), which provides in pertinent part:

> **(b)** **How to Present Defenses**: Every defense to a claim for relief in any pleading must
> be asserted in the responsive pleading if one is required. But a party may assert the
> following defenses by motion:
>
> **(6)** failure to state a claim upon which relief can be granted.

It is well known jurisprudence that failure to state a claim upon which relief can be granted is a

defense raiseable by a motion to dismiss pursuant to Rule 12(b)(6), focusing on sufficiency of the

complaint. Under the established test, a complaint should not be dismissed unless it appears beyond

doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*,

355 U.S. 41, 45-46 (1997), citing *Milburn v. U.S.*, 734 F.2d 762 (11th Cir. 1984).

In the instant case, the Defendants have attached to their Motion to Dismiss the LKL Opinion

Letter, which is not an exhibit to, or mentioned, in the Complaint. Moreover, the Defendants have

attached to their Motion to Dismiss the affidavits of Avery Modlin and William Wachtel, Esq. (the

"Affidavits"). At the hearing on the Motion to Dismiss, the Defendants requested that the Court

consider the LKL Opinion Letter and Affidavits.

"In general, consideration of matters beyond the complaint is improper in context of motion

to dismiss under Rule 12(b)(6)." *In re Rambo Imaging, LLP*, 2007 WL 3376163 (Bankr. W.D.Tex

2007). However, Rule 12(d) of the Federal Rules of Civil Procedure provides that if "on a motion

under Rule 12(b)(6)...matters outside the pleadings are presented to and not excluded by the court,

the motion must be treated as one for summary judgment under Rule 56. All parties must be given

a reasonable opportunity to present all the material that is pertinent to the motion." Stated

differently, Rule 12(d) further provides that in the event a court does consider matters outside the

4

pleadings, then the procedural safeguards afforded summary judgment practice under Rule 56 of the Federal Rules of Civil Procedure[2] must apply. *See* Rule 12(d); *see also Rambo Imaging*, 2007 WL at pg. 11, fn. 3.

Under the law of this Circuit, a plaintiff is entitled to ten (10) days notice that a Rule 12(b)(6) motion to dismiss is being treated as a motion for summary judgment. *See Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980); *see also Hill v. Linahan*, 697 F.2d 1032, 1034 (11th Cir. 1983). In *Rambo Imaging,* the court refused to convert the defendants Rule 12(b)(6) motion to dismiss to a motion for summary judgment because the Rule 56 summary judgment procedures (including the defendant's failure to provide the plaintiff with the requisite ten (10) day notice) were not followed. *See Rambo Imaging*, 2007 WL at pg. 11, fn. 3.

In the instant case, the Defendants never provided Plaintiffs with notice that they wished to convert their Motion to Dismiss to a motion for summary judgment. Because the procedures set forth in Rule 56 were not followed by the Defendants, the Court will not convert the Defendants' Motion to Dismiss to a motion for summary judgment, nor will the Court consider the LKL Opinion Letter and the Affidavits at this stage of the proceedings.

### Conclusion

Based on the foregoing, the Defendants' Motion to Dismiss is **DENIED** in all respects.

### 

**Submitted By:**

Daniel N. Gonzalez, Esquire
Florida Bar No. 0592749

---

[2]Rule 56 of the Federal Rules of Civil Procedure is embodied in Rule 7056 of the Federal Rules of Bankruptcy Procedure.

dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Debtor in Possession
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:     (305) 358-6363
Telefax:        (305) 358-1221

**Copies Furnished To:**
Daniel N. Gonzalez, Esquire, is directed to serve copies of this Order on all parties in interest and
to file a Certificate of Service.